1  STEVEN T. GUBNER – Bar No. 156593
   JASON B. KOMORSKY – Bar No. 155677
2  SUSAN K. SEFLIN – Bar No. 213865
   JESSICA L. BAGDANOV – Bar No. 281020
3  BG LAW LLP
   21650 Oxnard Street, Suite 500
4  Woodland Hills, CA 91367
   Telephone:  (818) 827-9000
5  Facsimile:   (818) 827-9099
   Email:        sgubner@bg.law
6                jkomorsky@bg.law
                 sseflin@bg.law
7                jbagdanov@bg.law

8  Specially appearing for United Stated Fire Insurance Company

9             UNITED STATES BANKRUPTCY COURT

10            CENTRAL DISTRICT OF CALIFORNIA

11            SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| 12  In re | Case No. 1:12-bk-10986-MB |
| 13  ALLANA BARONI, | Chapter 7 |
| 14  Debtor. | Adv. No. 1:24-ap-01059-MB |
| 15 | |
| 16  ALLANA BARONI AND JAMES BARONI (individually and on behalf of the United States), | **NOTICE OF MOTION AND MOTION TO SET ASIDE CLERK'S DEFAULT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; DECLARATION OF JASON B. KOMORSKY IN SUPPORT THEREOF** |
| 17  Plaintiff, | |
| 18  v. | |
| 19  DAVID SEROR (personally, and in his capacity as Chapter 7 Trustee); BRUTZKUS GUBNER, LLP; BG LAW LLP; WELLS FARGO, BANK N.A.; SEVERSON & WERSEN, a professional corporation; LIBERTY MUTUAL INSURANCE COMPANY; UNITED STATES FIRE INSURANCE COMPANY, and DOES 1-50, | Hearing: |
| 20 | |
| 21 | Date: February 5, 2025<br>Time: 2:30 p.m. |
| 22 | Place: In Person or Via ZoomGov<br>United States Bankruptcy Court |
| 23 | 21041 Burbank Boulevard, |
| 24  Defendants. | Courtroom 303<br>Woodland Hills, CA 91367 |

3027309

**PLEASE TAKE NOTICE** that on **February 5, 2025 at 2:30 p.m.**, and in the above entitled court located at 21041 Burbank Boulevard, Suite 342, Courtroom 303, Woodland Hills, CA 91367, the Honorable Martin R. Barash presiding, United States Fire Insurance Company ("US Fire"), a defendant in this adversary, will and hereby does move (the "Motion"), pursuant to Rule 55(c) of the Federal Rules of Civil Procedure made applicable pursuant to Bankruptcy Rule 7055 to set aside the clerk's default against US Fire obtained by the Debtor and the non-debtor's spouse, James Baroni ("Mr. Baroni" and, with the Debtor, the "Baronis").

By this Motion, US Fire seeks to have the Court set aside the clerk's default and allow US Fire's joinder to the motion to dismiss (the "Motion to Dismiss") filed by the Chapter 7 Trustee (the "Trustee") for the bankruptcy estate (the "Estate") of Allana Baroni (the "Debtor"), Brutzkus Gubner, LLP, BG Law, LLP, and Liberty Mutual Insurance Company ("Liberty Mutual"), the other defendants in this adversary proceeding. To avoid any prejudice to plaintiffs, US Fire's joinder to the Motion to Dismiss was filed on Friday, January 10, 2025 prior to the due date of plaintiffs' opposition.

The Motion is made on the fact that although Plaintiff served the summons and complaint on an officer of US Fire, the complaint appears to have been lost by US Fire, which did not realize its mistake until it was contracted by the bonding agent on or about January 10, 2025. US Fire then immediately contacted counsel who, in turn, reached out to Plaintiff's counsel seeking a stipulation to set aside the clerk's default.

Good cause and excusable neglect exists pursuant to Rule 55(c) and Rule 60(b) insofar as US Fire did not engage in culpable conduct that led to the default, US Fire has an absolute defense to the complaint insofar as Plaintiff does not have standing to sue US Fire directly (which lack of standing is never waived) [*see City of Oakland v. Lynch*, 798 F.3d 1159, 1163 (9th Cir. 2015)], and Plaintiff will not be prejudiced by setting aside the clerk's default insofar as there is a pending motion to dismiss and US Fire joined said motion before Plaintiff's opposition is due to be filed.

Finally, the default serves no purpose as, even if the Baronis could demonstrate standing and a direct right to the proceeds of the US Fire bond (and they do not), no judgment can be entered until and unless the Trustee is found obligated. Pursuant to Rule 54(c) any judgment of default cannot

1

3027309

differ in kind from, or exceed in amount what is demanded in the pleadings. Here, the Baronis have sought payment on the bond only in the event they have provable damages against the Trustee. Thus, if the pending Motion to Dismiss is granted, there can be no recovery under the bond even assuming the Baronis are beneficiaries under the bond and have direct rights thereto.

Upon being contacted by the bonding agent on or about January 9, 2025, on January 10, 2025 US Fire authorized BG Law to represent it to set aside the default and to file a joinder. Counsel immediately notified Richard Antognini, counsel for the Baronis, and asked Mr. Antognini to stipulate to withdrawal of the clerk's default and to allowing US Fire to file a joinder. By the time this Motion was filed, Mr. Antognini had not responded to US Fire's request.

The Motion is based upon this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the Declaration of Jason B. Komorsky attached hereto, all other matters of which the Court may take judicial notice, and any oral or written evidence or argument that the Court may consider at the hearing on this Motion.

**PLEASE TAKE FURTHER NOTICE** that in addition to appearing in person, parties in interest (and their counsel) may appear remotely using ZoomGov audio and video. Information on how to appear using ZoomGov is provided below:

1. Parties in interest (and their counsel) may connect by ZoomGov audio and video using a personal computer (equipped with camera, microphone and speaker), or a handheld mobile device with an integrated camera, microphone and speaker (such as an iPhone, iPad, Android phone or Android tablet).

2. The connection can be initiated by entering the "Meeting URL" into a web browser on any of these devices, provided the device is connected to the Internet. Individuals connecting in this manner will be prompted for the Meeting ID and Password shown below.

3. **Members of the public and the press may only connect to the zoom audio feed, and only by telephone. Access to the video feed by these individuals is prohibited. In the case of a trial or evidentiary hearing, no audio access will be provided. However, members of the public and the press may observe all proceedings in person.**

4. Neither a Zoom nor a ZoomGov account is necessary to participate in or observe the hearing, and no pre-registration is required. The use of ZoomGov is free of charge to participants.

5. The audio portion of the hearing will be recorded electronically by the Court and constitute its official record.

6. **All persons are strictly prohibited from making any other recording of court proceedings, whether by video, audio, "screenshot," or otherwise. Violation of this prohibition may result in the imposition of monetary and non-monetary sanctions.**

7. Any party in interest or counsel that elects to appear remotely by ZoomGov bears the risk of malfunction or disconnection from the hearing.

8. The following is the unique ZoomGov connection information for the above-referenced hearing:

   Meeting URL: https://cacb.zoomgov.com/j/1601080790

   Meeting ID:    160 108 0790

   Password:      339191

   Telephone:     1 (669) 254 5252 or 1 (646) 828 7666

9. More information on using ZoomGov to participate in this hearing is available on the Court's website at the following web address: https://www.cacb.uscourts.gov/news/zoom-video-hearing-guide-and-training-participants.

**PLEASE TAKE FURTHER NOTICE** that pursuant to Local Bankruptcy Rule 9013-1(f), Plaintiff shall, not later than fourteen (14) calendar days prior to the hearing on the Motion, serve its response, if any, on the Trustee and file such response with the Clerk of Court. Failure to file papers may be deemed consent to the Motion in accordance with Local Bankruptcy Rule 9013-1(h).

DATED: January 15, 2025            BG LAW LLP

                                   By: /s/ J. Komorsky
                                       Jason B. Komorsky
                                       Susan K. Seflin
                                       Jessica L. Bagdanov
                                   Specially appearing for US Fire Insurance
                                   Company

3027309

3

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I. PURSUANT TO RULE 55(C) OF THE FEDERAL RULES OF CIVIL PROCEDURE MADE APPLICABLE PURSUANT TO BANKRUPTCY RULE 7055, US FIRE RESPECTFULLY REQUESTS THAT THE COURT SET ASIDE THE CLERK'S DEFAULT AND ALLOW US FIRE TO GO FORWARD WITH ITS JOINDER IN THE PRESENTLY PENDING MOTION TO DISMISS**

Rule 55(c) states "[t]he court may set aside an entry of default for good cause…" The "good cause" required to set aside a clerk's default is a more lenient standard that the "excusable neglect" required for relief from a default judgment under Rule 60(b). *See Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 783 (9th Cir. 1998). However, "the same factors are typically relevant in deciding whether to set aside entries of default and default judgments." *Id.* As the *Johnson* court explained:

> There is a "judicial preference for adjudication on the merits," Oberstar v. F.D.I.C., 987 F.2d 494, 504 (8th Cir.1993), and it is likely that a party who promptly attacks an entry of default, rather than waiting for grant of a default judgment, was guilty of an oversight and wishes to defend the case on the merits. Dayton Electric is entitled to the more lenient "good cause" standard in considering the denial of its motion to set aside.

*Id.*, at 784.

Courts recognize three disjunctive factors to determine if "excusable neglect" exists to set aside clerk's default: Good cause exists where "(1) whether the party seeking to set aside the default engaged in culpable conduct that led to the default; (2) whether it had no meritorious defense; or (3) whether reopening the default judgment would prejudice the other party." *United States v. Aguilar*, 782 F.3d 1101, 1105 (9th Cir. 2015).

Here, good cause exists for this Court to set aside the default for three independent reasons: First, although US Fire does not deny receiving service, the complaint was misplaced. As soon as US Fire was contacted by the bonding agent on or about January 9, 2025 of the clerk's default, it immediately contacted counsel and authorized counsel to make an appearance and seek to have the default set aside. Komorsky Decl., ¶ 4. In turn, counsel immediately contacted opposing counsel seeking a stipulation to set aside the clerk's default, which request went unaddressed by Plaintiffs' counsel. *Id.*, ¶¶ 6-8. Counsel also immediately filed a joinder on US Fire's behalf, which joinder was filed prior to the due date for Plaintiffs' opposition to the pending motion to dismiss. Dkt. No. 39.

By US Fire's immediate action in retaining counsel, having counsel contact opposing counsel to seek to set aside the default, and filing a joinder before Plaintiffs' opposition to the pending motion to dismiss was due, it is clear that US Fire was not attempting to avoid service but was careless and guilty of an oversight and seeks to defend the case on the merits. Even under the more stringent 60(b) standard (i.e., after a default judgment is rendered), US Fire need not prove that its failure to file a responsive pleading on time was due to circumstances beyond its control. *See Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. Partnership*, 507 U.S. 380 (1993).

Second, and independently, US Fire has a meritorious defense. The Baronis have no standing to sue directly on the bond issued by US Fire. They are not a named insured, they are not a beneficiary of the policy, and even if they were a beneficiary there is no direct right of action under California law. *See* Cal. Ins. Code § 11580. A direct right of action arises, if at all, only upon obtaining a judgment against the alleged tortfeasor and only where such judgment is based upon bodily injury, death, or property damage. *Id*, at 11580(b)(2); *see also Laguna Pub. Co. v. Employers Reinsurance Corp.*, 617 F. Supp. 271, 272 ("[U]nder the law of California ... a direct action against the insurer company is not allowable until after the claimant shall have secured a final judgment against the insured.") quoting *Tashire v. State Farm Fire and Casualty Co.*, 363 F.2d 7, 10 (9th Cir. 1966) reversed on other grounds, 386 U.S. 523 (1967). Of course, standing is never waived and US Fire could raise this argument for the first time on appeal. It, however, seeks to do so here, as part of the pending motion to dismiss.

Finally, the clerk's default serves no legitimate purpose insofar as the Baronis cannot seek judgment against US Fire until and unless they prove the Trustee's liability (and assuming the blanket bond responds to such liabilities and the Baronis have a direct right of action). Thus, if the Court grants the Trustee's pending motion to dismiss, there can never be a recovery under the bond, as the theory of liability on the bond is purely derivative of the Trustee's alleged liability—again assuming there is a direct right of action contrary to California law. In sum, Plaintiffs have not and will not be prejudiced one bit by setting aside the clerk's default and allowing US Fire to join in the pending motion to dismiss.

Further, [d]efault judgments are generally disfavored because "[c]ases should be decided upon their merits whenever reasonably possible." *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986); *see also Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir.2000) ("federal courts should not be agnostic with respect to the entry of default judgments, which are 'generally disfavored in the law' and thus 'should not be granted on the claim, without more, that the defendant had failed to meet a procedural time requirement.' ").

In light of US Fire's prompt filing of a joinder to the pending motion to dismiss (prior to the due date for the Baronis' opposition), the current state of the litigation, the existence of a meritorious defense, the lack of prejudice to plaintiff, a lack of subject matter jurisdiction (i.e., a direct right of the Baronis as against US Fire) and that a default judgment would produce a harsh or unfair result, this motion to set aside the clerk's entry of default should be granted.

## II. CONCLUSION

For the foregoing reasons, US Fire respectfully requests that the Court grant this motion and set aside the clerk's default entered against US Fire.

DATED: January 15, 2025                BG LAW LLP

By: _____
Jason B. Komorsky
Susan K. Seflin
Jessica L. Bagdanov
Specially appearing for US Fire Insurance Company

6

3027309

# DECLARATION OF JASON B. KOMORSKY

I, Jason B. Komorsky, declare as follows:

1. I am an attorney employed by the law firm of BG Law, LLP, counsel of record for David Seror, Chapter 7 Trustee ("Trustee"). I have personal knowledge, information, and/or belief of the facts set forth below and, if called as a witness, I could and would competently testify thereto under oath.

2. I make this declaration in support of United States Fire Insurance Company's ("US Fire") Motion to Set Aside Clerk's Default.

3. Upon learning of the request and entry of clerk's default, on January 9, 2025, the Trustee contacted the bonding agent to reach out to US Fire.

4. On January 10, 2025, the Trustee was contacted by Robert Lavitt of Amynta Group advising the Trustee that the matter involving the Trustee's blanket bond had just been assigned and instructing counsel to make an appearance, seek to have the clerk's default vacated, and seek dismissal of the complaint.

5. US Fire acknowledged that it received the summons and complaint but that it misplaced same or it would have filed a joinder to the pending motion to dismiss upon the due date under the summons.

6. I immediately contacted Mr. Antognini asking if he would stipulate to setting aside the clerk's default. A true and correct copy of my January 10, 2025 e-mail to Mr. Antognini is attached hereto as Exhibit 1.

7. Having not heard back from Mr. Antognini and to ensure no prejudice to the plaintiffs, I immediately filed a joinder to the pending motion to dismiss on behalf of US Fire. Dkt No. 39.

8. I nevertheless renewed my request to Mr. Antognini on January 14, 2025, but again received no response from Mr. Antognini. A true and correct copy of my January 14, 2025 e-mail to Mr. Antognini is attached hereto as Exhibit 2.

9. At the time of filing this motion, I had still not heard back from Mr. Antognini regarding my request that he stipulate to set aside the clerk's default as against US Fire.

7

3027309

10. Setting aside the clerk's default will not prejudice the plaintiffs insofar as US Fire presents no new arguments relying solely on those arguments made in the pending motion to dismiss and US Fire's joinder was filed before the due date for plaintiffs' opposition to the pending motion to dismiss.

11. US Fire through its counsel has acted diligently in seeking to set aside the default once it became aware of it.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 15th day of January 2025, at Woodland Hills, California.

                                                             _____
                                                             JASON B. KOMORSKY

EXHIBIT "1"

9

| | |
|---|---|
| **From:** | Jason B. Komorsky |
| **To:** | rlalawyer@yahoo.com |
| **Cc:** | Jessica Bagdanov; Susan K. Seflin |
| **Subject:** | Baroni: US Fire default |
| **Date:** | Friday, January 10, 2025 10:57:00 AM |
| **Importance:** | High |

Mr. Antognini,

We hereby request that you stipulate for relief from the entry of default issued against US Fire Insurance Company. As of yesterday, we were retained to represent US Fire and we are prepared to file a joinder in the pending motion to dismiss.

As further support for the stipulation, we note that you served the complaint on Crum & Forster, not US Fire. Crum & Forster is not the recognized agent for service of process on US Fire. Service of the complaint should have been made on CT Corp as set forth on the California Secretary of State website.

Please let us know whether you will stipulate for relief from the default or we will bring a motion for relief.

Thank you for your immediate response.

Jason

EXHIBIT "2"

11

| | |
|---|---|
| **From:** | Jason B. Komorsky |
| **To:** | "rlalawyer@yahoo.com" |
| **Cc:** | Jessica Bagdanov; Susan K. Seflin |
| **Subject:** | RE: Baroni: US Fire default |
| **Date:** | Tuesday, January 14, 2025 10:16:00 AM |

Richard,

Following up on whether you will stipulate to setting aside the clerk's default against US Fire.

Please advise.

Thanks,

Jason

**From:** Jason B. Komorsky
**Sent:** Friday, January 10, 2025 10:58 AM
**To:** rlalawyer@yahoo.com
**Cc:** Jessica Bagdanov <jbagdanov@bg.law>; Susan K. Seflin <sseflin@bg.law>
**Subject:** Baroni: US Fire default
**Importance:** High

Mr. Antognini,

We hereby request that you stipulate for relief from the entry of default issued against US Fire Insurance Company. As of yesterday, we were retained to represent US Fire and we are prepared to file a joinder in the pending motion to dismiss.

As further support for the stipulation, we note that you served the complaint on Crum & Forster, not US Fire. Crum & Forster is not the recognized agent for service of process on US Fire. Service of the complaint should have been made on CT Corp as set forth on the California Secretary of State website.

Please let us know whether you will stipulate for relief from the default or we will bring a motion for relief.

Thank you for your immediate response.

Jason

12

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
**21650 Oxnard Street, Suite 500, Woodland Hills, California 91367**

A true and correct copy of the foregoing document entitled: **NOTICE OF MOTION AND MOTION TO SET ASIDE CLERK'S DEFAULT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; DECLARATION OF JASON B. KOMORSKY IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **January 15, 2025**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Richard L Antognini**    rlalawyer@yahoo.com, rlalawyer@yahoo.com
- **Justin D Balser**    Justin.Balser@troutman.com, LitigationDocketRequests@troutman.com;Elizabeth.Streible@troutman.com;Tracey.Cantu@troutman.com;evelyn.duarte@troutman.com;Carla.Llarena@troutman.com;erin.edwards@troutman.com;OCCcourtnotices@troutman.com
- **Adam N Barasch**    anb@severson.com, cr@severson.com
- **Jason B Komorsky**    ecf@bg.law, jkomorsky@bg.law
- **David Seror (TR)**    dseror@bg.law, csalazar@bg.law;C133@ecfcbis.com;mgalvan@bg.law
- **United States Trustee (SV)**    ustpregion16.wh.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**\*\*PER JUDGE BARASH'S PROCEDURES, CHAMBERS COPIES NOT REQUIRED**

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| January 15, 2025 | JESSICA STUDLEY | /s/ Jessica Studley |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**